DENNIS SIMMONS and others v. BABEL TAYLOR and others.

*Removal of Cause to Federal Court.*

Under the several acts of congress now in force relative to the removal of causes, a non-resident defendant, sued together with several resident defendants for trespass on land, may have the cause removed, so far as he is concerned, to the circuit court of the United States, leaving the trial to proceed in the state court against the resident defendants.

PETITION for removal of a cause to the circuit court of the United States, heard at Spring Term, 1880, of BERTIE Superior Court, before *Gudger, J.*

The motion was refused, and the defendant appealed.

*Mr. Jas. E. Moore,* for plaintiffs.
*Mr. E. G. Haywood,* for defendant.

SMITH, C. J. The defendants, one of whom is a citizen of Virginia and the other of this State, are sued by the plaintiffs, all of whom are citizens of North Carolina, for trespasses alleged to have been committed upon their lands. The defendants in separate answers deny the plaintiff's right to the land in dispute, and assert title in the defendant Taylor, by whose authority and in whose service the defendant Robeson was acting.

At the return term of the summons Taylor applied by petition for the stay of proceedings in the cause and its re-

moval to the circuit court of the United States, on the ground of his own citizenship in Virginia, and because the principal controversy is between the plaintiffs and himself, and setting out the other facts material to the motion.  No objection is made to the form of the application, and the simple question, ruled adversely to the defendant in the court below, is presented—whether the entire cause, or so much of it as involves the controversy between the plaintiffs' and himself, is removable under the acts of congress.

The 12th section of the judiciary act of 1789 authorized a defendant under the limitations therein mentioned, when sued in a court of the state of which the plaintiff was a citizen and himself a citizen of another state, to have the same removed to the circuit court of the United States, if he made his application at the return term of the writ or process.

The act of July 27, 1866, extended the right of removal to one of several defendants, although the others might be citizens of the same state with the plaintiff, if application was made before the trial, when, so far as it relates to him, it is brought for the purpose of restraining or enjoining him, or is a suit in which there can be a final determination of the controversy so far as concerns him, without the presence of the other defendants as parties in the cause.   But the suit as to the other defendants remains in the state court and may be prosecuted there.

The amendatory act of March 2, 1867, authorizes a removal whenever there is a suit depending in the state court between one of its citizens and a citizen of another state, whether the latter be plaintiff or defendant, when he files an affidavit stating that he has reason to believe and does believe that from prejudice or local influence he will not be able to obtain justice in the state court.   Rev. Stat. of U. S , § 639.   So the law remained until the passage of the act

of March 3, 1875, the second section of which is in these words :

" That any suit of a civil nature at law or in equity, now pending or hereafter brought in any state court, when the matter in dispute exceeds, exclusive of costs, the sum or value of five hundred dollars, and arising under the consti tution or laws of the United States, or treaties made or which shall be made under their authority, or in which the United States shall be plaintiff or petitioner, or in which there shall be a controversy between citizens of differ- ent states, or a controversy between citizens of the same state claiming land under grants of different states, or a con- troversy between citizens of a state and foreign states, citi- zens or subjects, either party may remove said suit into the circuit court of the United States for the proper district. And when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of differ- ent states and which can be fully determined as between them, then either one or more of the plaintiffs or defendants actually interested in such controversy may remove said suit to the circuit court of the United States."

In his analysis of the act of 1866, Judge DILLON in his monogram or short treatise on the Removal of Suits (19) says the conditions of removal are these :

1. The suit in the state court must be by a plaintiff who is a citizen of the state wherein the suit is brought.

2. It must be against a citizen of the same state and a cit- izen of another state as defendants.

3. The amount in dispute must exceed the sum or value of five hundred dollars besides costs.

4. The removal must be applied for before the trial or final hearing in the state court.

And that in such case the non-resident defendant may have the cause removed (not wholly) but only so far as it

relates to himself, if it be a suit brought to restrain or enjoin him, or is a *suit in which there can be a final determination of the controversy* so far as concerns him without the presence of the other defendants as parties in the cause. In the opinion of the author referred to, the act of 1875, which repeals the former acts in conflict, does not repeal the substantial provisions of the act of 1866, and that a case coming under its operation may be removed as before. *Ib.*, 28.

If we accept this as a correct interpretation of the state of the law, the defendant Taylor is clearly entitled to remove so much of the action as relates to himself, as he, a citizen of Virginia, is sued by citizens of North Carolina with his co-defendant a resident of the latter state in an action several in its nature, and which can be maintained against either, and therefore in the language of the act " there can be a final determination of the controversy as to him without the presence of the other, and the suit may proceed against the latter." *Sewing Machine Cos.*, 18 Wall., 583; same case, 110 Mass., 70.

The next enquiry is whether under the act of 1875, the whole cause is removable at the instance of the non-resident defendant entitled to remove it as to himself.

The operative and distinguishing words of this enactment are that the entire suit may be removed when there is a " controversy which is wholly *between citizens of different states*," and that although there may be other distinct controversies with those who, if they were the only plaintiffs or only defendants, would not be entitled to the removal.

This act came under review in the case of *Taylor* v. *Rockefeller*, in the United States circuit court for the western district of Pennsylvania, reported in 18 Am. Law Regr., 298, before Mr. Justice STRONG of the supreme court and Judge McKENNON, in which an elaborate opinion concurred in by both, is given. After remarking that the act adopts the

language of the constitution and goes to the extreme limit of the jurisdiction authorized to be conferred, he proceeds to discuss the provisions of the act and says: " In many writs there are numerous subjects of controversy, in some of which one or more of the defendants are actually interested, and other defendants are not. The right of removal is given when any one of these controversies is wholly between citizens of different states and can be fully determined as to them, although there may be other defendants actually interested in the controversies embraced in the suit."

In *Peterson* v. *Chapman*, 13 Blatch., 395, the action was brought by citizens of New York against parties, one of whom resided in New York and the other in Connecticut, and the cause after removal was remanded to the state court on the ground that the controversy was not between citizens of different states.

In *Carrahan* v. *Brennan*, in the circuit court of the northern district of Illinois, it was held that the removal is allowable only when the controversy is so completely between citizens of different states that its termination as to them will settle the whole suit, and not a part of it can be removed.

And so Mr. Justice BRADLEY expressed the opinion (*Gerardy* v. *Morse*, 4 Am. Law Times, 387,) that under the act of 1875, all the plaintiffs need not have a different citizenship from all the defendants, and if some of the plaintiffs and defendants are citizens of the same state, the removal must be sought by all the plaintiffs or all the defendants, and that one alone could not remove the cause; but if all the plaintiffs and all the defendants are citizens of different states, any one of them may remove.

Amidst these diverse views and in the absence of any authoritative construction of the act to guide, we are required ourselves to ascertain its meaning and effect. The action before us is in its nature severable and for trespasses of

which both, neither or only one defendant may be guilty; and the disposal of the issue as to one in no manner affects the liability of the other, when they are allowed separate trials. The case is clearly within the contemplation of the act of 1866 and admits of severance and removal of so much of the cause as relates to the non-resident defendant. The application does not seem to fall within the meaning of the latter act, which authorizes the removal of the entire cause, when there shall be a controversy which is " *wholly between citizens of different states.*" This is not such a controversy; it is one and the same and equally with both defendants divisible into parts, but the same againse each. While then the non-resident may have his motion granted for himself, the resident defendant is left to combat the plaintiffs claim in the jurisdiction first attaching. The cases in our own reports do not aid us in the enquiry.

We are therefore of the opinion that the refusal of the court to remove on the application of the defendant Taylor the case as to him was erroneous and it is reversed. This will be certified to the court below.

Error. Reversed.