J. J. GUDGER v. WESTERN N. C. RAILROAD COMPANY.

*Railways—Negligence—Removal of Cause to Federal Court.*

1. The plaintiff sues the Western North Carolina railway company for damages for personal injuries alleged to have resulted from its erection of an "engineer-stake," in the street of the town of Marshall, over which the plaintiff fell and broke his leg; *Held* that the wrong complained of is the personal act of those engaged in running the line for the proposed road, and, in law, the act of those by whose authority the work was done, and that the plaintiff has the right to elect to sue one or more of them, alone.

2. In the course of this proceeding, non-residents (assignees of the road) voluntarily become parties defendant, and ask for a removal of the case to the federal court; *Held* that their motion was properly refused.

3. To entitle a party to such removal, under the act of congress, there must exist in the suit a separate and distinct cause of action, in respect to which all the necessary parties on one side are citizens of different states from those on the other.

MOTION of defendants to remove the cause to the circuit court of the United States, heard at Fall Term, 1882, of MADISON Superior Court, before *Shepherd, J.*

The cause of action alleged in the complaint is the negligent and unlawful erection, in the street of the town of Marshall by the defendant company, of a stake against which the plaintiff accidentally struck his foot, and in falling broke the bone of his leg, and for this injury he seeks to recover damages.

The defendant in its answer admits its incorporation and organization under a law of the state, and says that the legal title to the corporate property remains in the state, while the equitable title thereto is vested in A. S. Buford, T. M. Logan and W. P. Clyde, assignees of W. J. Best, by virtue of a contract entered into between him and the state, and that they are necessary parties to the suit.

The answer then proceeds to explain that the engineer-

stakes were placed in the street, in the course of a survey of the route for the extension of its road, under authority conferred and as necessary in order to the construction thereof, and denies that it caused to be put up the stake against which the plaintiff alleges he came in contact, and sustained the injury complained of.

It is further stated that the plaintiff saw and knew of the placing of the stake at the curb stone, near and in front of his residence, interfering neither with the use of the street nor side-walk, and if he stumbled against it, it was his own negligence alone that caused the injury, and the company is in no manner liable for the consequences.

It is not necessary to set out in greater detail the allegations contained in the pleadings, in order to show the nature and extent of the controversy between the parties.

The record states that at fall term. 1882, the said Buford, Logan and Clyde " are made parties defendant and filed their answer," but at whose instance, unless their own, does not appear. They also put in an answer alleging the same substantial matters of defence, and describing with minuteness of detail the proceedings whereby the former railroad property of the same name had come into their possession and under their control, under an assignment to them of the contract entered into with Best, and the interruptions and embarrassments that might ensue, in executing the contract for construction, through the recovery of judgment and its enforcement by the plaintiff against the franchise and property of the company.

At this stage of the proceeding, the three added defendants, citizens of other states than that of the plaintiff, file their petition for the removal of the cause to the circuit court of the United States, under the act of congress in that behalf. The motion was refused and they appeal to this court.

*Messrs. J. H. Merrimon* and *J. M. Gudger*, for plaintiff.

*Messrs. D. Schenck, F. H. Busbee* and *McLoud & moore*, for defendant.

SMITH, C. J., after stating the above. It is a matter of moment to the parties that a correct solution be reached of the inquiry, whether upon the case presented in the pleadings the defendants are entitled to an order of removal, or suspension of further action in the cause in the superior court, since, if it ought to have been, and is not transferred to the jurisdiction of the federal court, whatever proceedings may be thereafter had in the state court, are a nullity, and the progress of the cause is arrested by law at the point when the removal was demanded.

We have therefore carefully considered the act of congress of March, 1875, as interpreted by the supreme court of the United States in *Barney* v. *Latham,* 103 U. S., 205 ; *Blake* v. *McKim, Ib.,* 336, and *Hyde* v. *Reeble,* 104 U. S., 407, with a view to ascertain if the case made in the pleadings in the present action brings it within the scope and operation of the enactment, and entitles the defendants to an order of removal.

The action, divested of extraneous matter, is one of tort, and its object the recovery of damages sustained by the plaintiff, resulting from the negligence of the defendant company. No other person is charged with complicity in the unlawful act, if such there be, nor was it necessary for the plaintiff to pursue his remedy against all the wrongdoers.

His controversy is with, and his suit is against such party as he charges in the complaint with having placed the obstruction in the public street, and no other. If then the individual non-resident defendants come in and assume a common responsibility with the other defendant, while no recovery is asked against them, how can it be said that there

has been constituted in the words of the statute, "a controversy which is wholly between citizens of different states and which can be fully determined as between them"? that is, as declared by the court in *Barney* v. *Latham, supra,* "a controversy finally determinable as between them, without the presence of their co-defendants or any of them, citizens of the same state with the plaintiff," when in fact it is exclusively upon the pleadings between the plaintiff and the defendant originally sued, as to an imputed unlawful act of the latter, the source and ground of the claim to compensatory damages. The defendants who subsequently come in and become parties, assume a common responsibility with the company, if there be any liability resting upon either, for the act, but this cannot impair the plaintiff's right to seek his remedy and pursue it against the company if he chooses so to do.

The wrong complained of in putting up the stake is the personal act of those who were engaged in running the proposed railroad route, and in law the act of those by whose authority and in whose service the work was done, and the plaintiff has his election to seek his redress against one or more of them alone.

It would in our opinion be a perversion of the purposes of the act, and unwarranted by its words, to permit other wrong-doers, not sought to be made liable and against whom no complaint is preferred, to come in and assume an unnecessary liability for themselves, and under this pretext to withdraw the only controversy of the plaintiff's seeking from a rightfully attaching jurisdiction of the court.

As the case stands upon the complaint, all the defendants are united in resisting a recovery against the company, and the asserted and denied right to maintain the action is the sole subject matter in contest.

A controversy between opposing parties to an action grows out of conflicting allegations in the adversary pleadings, and

none is made in the complaint against the non-resident defendants (voluntarily becoming parties) and no issue as to them can be eliminated therefrom.

" The suit then, *as it stands in the complaint*," remarks the chief justice in *Hyde* v. *Reeble,* " is in respect to a controversy between the parties as to the liabilities of the defendant on a single contract," and substituting *tort* for *contract* at the end of the sentence, the language is precisely adapted to the present case. " Neither do we think," he adds, " it (the cause) was removable under the second clause of the same section, on the ground that there was in the suit a *separate controversy* wholly between citizens of different states. To entitle a party to a removal under this clause, *there must exist in the suit* a separate and distinct cause of action in respect to which all the necessary parties on one side are citizens of different states from those on the other."

In our view the case presented is not one for removal under the act, and the application therefor was properly denied.

There is no error and this will be certified to the end that the cause proceed in the court below. The appellants will pay the costs of the appeal.

No error.                                      Affirmed.