HUBBARD O'KELLY v. RICHMOND & DANVILLE RAILROAD.

*Removal of cause to Federal Court—Local Prejudice.*

1. To entitle a party to the removal of a cause to the federal court, under the act of Congress of 1875, there must exist in the suit a separate and distinct cause of action, in respect to which all the necessary parties on one side are citizens of different states from those on the other.

2. The act authorizing such removal, has no application to cases of mere local prejudice—approving *Fitzgerald* v. *Allman,* 82 N. C., 492.

(*Simmons* v. *Taylor,* 83 N. C., 148; *Gudger* v. *Railroad,* 87 N. C., 325; *Fitzgerald* v. *Allman,* 82 N. C., 492, cited and commented on).

PETITION for removal of cause to the circuit court of the United States, heard at January Term, 1883, of WAKE Superior court, before *McKoy, J.*

The removal was asked by the Virginia Midland railroad company, one of the defendants, and an appeal was taken from the judgment refusing the motion.

O'KELLY *v.* RAILROAD.

*Messrs D. G. Fowle* and *Mason & Devereux*, for plaintiff.
*Messrs. T. R. Purnell* and *Reade, Busbee & Busbee*, for defendant.

SMITH, C. J.    The plaintiff's action is against the three railroad companies, defendants, as associated in forming a continuous line over their respective tracks for the carrying of passengers and freight from points on the North Carolina railroad to the general terminus at Washington City, and demands damages for a breach of contract entered into by them jointly to carry him from the city of Raleigh to the said city of Washington.    The defendants in separate answers deny the responsibility of each, and deny also the material allegations upon which the plaintiff's demand is based.

It is needless to notice the special matters of defence further than that made by the North Carolina railroad company, that it operates no road and can incur no liability for the alleged expulsion of the plaintiff from a car of the train running between Danville and said city of Washington, as set out in the complaint.

The defendant, the Virginia Midland railway company, applied by petition to the court wherein the case was pending, in apt time, for an order of removal of the cause to the circuit court of the United States, upon the twofold ground that it was entitled thereto, as a citizen of the state of Virginia, under the act of Congress of March 3, 1875, and for that the defendant will not be able to secure a fair trial in the state court, by reason of the alleged existence of prejudice or local influence adverse to the company.    The application was denied, and from this ruling the defendant appeals.

It is here insisted that the plaintiff's demand is several as well as joint against the defendants under the alleged contract, and that the appellant is entitled to have the whole cause removed, and if not, its separate controversy with the plaintiff, and that the refusal to so order is error in the court below.

Assuming the obligation to be several, the case is not distinguishable in this feature from that of *Simmons* v. *Taylor*, 83 N. C., 148, wherein it was held, that one of two defendants sued by trespassers, who was a citizen of Virginia, while the plaintiff and the other defendants were citizens of this state, could remove the controversy as between himself and the plaintiff, and leave that of the other defendant in the state court. This decision rested upon a construction of the act of Congress of 1875, which left unimpaired the right of severance and removal, as conferred in the act of July, 1866, under the conditions therein contained.

Since that case was determined, an authoritative interpretation of the last enactment has been put upon it by the supreme court of the United States, at variance with our opinion as to its effect upon the antecedent legislation, in several cases to which we had occasion to advert in *Gudger* v. *Railroad*, 87 N. C., 325.

In *Barney* v. *Latham*, 103, U. S. Rep., 205, Mr. Justice HARLAN declares that "while the act of 1866 in express terms authorized the removal only of the separate controversy between the plaintiff and defendant or defendants seeking such removal, leaving the remainder of the suit at the election of the plaintiff in the state court, the act of 1875 provides, in that class of cases, for *the removal of the entire suit*." In order to such removal, it is held, that it must appear from the pleadings that there is a controversy capable of final determination as between the parties, citizens of different states, without the presence of the associate defendants or any of them citizens of the same state with the plaintiff.

In another case decided at the same term, *Blake* v. *McKim*, the same judge, speaking for the court, declares that an action against several co-executors, of whom two were citizens of the same state as the plaintiff, and the other a citizen of a different state, to enforce a liability of their testator, could not be removed because the controversy was not divisible.

But the late case, *Hyde* v. *Reeble*, 104, U. S. Rep., 407, seems

to us to be a direct authority in support of the ruling of the judge in the court below, and decisive of the appeal.

The suit was brought upon an alleged contract of bailment entered into by the defendants as partners. The plaintiffs and one defendant were citizens of Minnesota, the other defendants were citizens of another state. The case was twice removed to the circuit court of the United States, once upon the application of all the defendants uniting, and again upon the application of the defendants, not citizens of Minnesota; and upon each removal, remanded to the state court. The ruling of the circuit court, in the orders remanding, was brought by writ of error before the supreme court for review, and the opinion delivered by the Chief-Justice affirming the judgment, in which he says:

"The suit then, as it stands on the complaint, is in respect to a controversy between the parties as to the liability of the defendants on a *single contract*": and "that the case was not removable under the first clause of the second section of the act of 1875, because all the parties on one side of the controversy were not citizens of different states from those on the other." He proceeds further: " Neither do we think it was removable under the second clause of the same section, on the ground that there was in the suit a separate controversy, wholly between citizens of different states. To entitle a party to a removal under this clause, there must exist in the suit a *separate and distinct cause of action*, in respect to which all the necessary parties on one side are citizens of different states from those on the other."

As in this case, so in ours, the cause of action is single and springs out of one contract into which the defendants are alleged to have entered,—in the former, a violated contract of bailment, in the latter, a broken undertaking to convey over the road. In both cases a common liability is alike denied, and yet, the transfer is unauthorized under the act.

As to the suggestion of local prejudice unfavorable to a fair trial, we refer to *Fitzgerald* v. *Allman*, 82 N. C., 492, and the

more recent adjudications of the supreme court upon the last constitutional amendments, and the power conferred by them upon Congress.

There is no error in the ruling of the court and this will be certified, to the end that the cause may proceed therein.

No error.                                        Affirmed.