G. W. BOWLEY v. THE RICHMOND AND DANVILLE RAILROAD COMPANY et al.

*Removal of Causes to United States Courts—Practice in.*

1. A complaint against two railway companies, one of which is a resident but the other is a non-resident corporation, to recover damages for injuries resulting from their joint negligence as common carriers, does not state such a severable controversy as will authorize the removal thereof to the United States Courts upon the application of the non-resident corporation.

2. It is not sufficient to allege in the pleading that the resident corporation was joined as defendant to prevent the non-resident corporation from removing the cause from a State to the United States Courts; that fact, if it can be made available at all, must be affirmatively established by competent evidence.

APPLICATION to remove cause to United States Circuit Court, heard before *Boykin, J.*, at November Term, 1891, of IREDELL Superior Court.

It appears that the plaintiff is a citizen of the State of Georgia, and was such at the time he brought this action in the Superior Court of Iredell County against the defendants to recover damages to the amount of $10,000, occasioned by their alleged negligence. The defendant, the Western North Carolina Railroad Company, is a corporation of this State with its principal place of business in the Western District of North Carolina, and the defendant, the Richmond and Danville Railroad Company, is a corporation and citizen of the State of Virginia, and was such at the time this action was brought. The latter company filed its petition at the the appearance term of the Court, alleging among other things that the amount involved in the action exceeds the sum of two thousand dollars; that the controversy "is wholly between citizens of different States, and which can be fully determined as between them, to-wit, a controversy between the said petitioners, the Richmond and Danville Railroad Company, and the said George W. Bowley." The prayer of the petition is that the Court take no further steps in the action than to make a proper order of removal of the same into the Circuit Court of the United States in and for the Western District of North Carolina, there to be disposed of according to. law. The Court denied the application and the Richmond and Danville Railroad Company· excepted and appealed.

*Messrs. Armfield & Turner* (by brief), for plaintiff.
*Mr. F. H. Busbee*, for defendant.

MERRIMON, C. J.—after stating the facts: The complaint alleges "that the said Western North Carolina Railroad Company and the Richmond and Danville Railroad Com-

pany, on the 27th day of August, 1891, and for a long time previous thereto, as the plaintiff is informed and believes, were, and up to the present time are, engaged as common carriers of passengers, baggage and freight for hire along a line of railroad belonging to the Western North Carolina Railroad Company, from Salisbury to Paint Rock in the State of North Carolina."

It further alleges that the injury complained of was occasioned by the negligence of the defendants as such common carriers while the plaintiff was a passenger on one of their passenger trains. It plainly alleges a joint tortious injury done by the defendants, which in no view of it is separable. The action must hence be tried as a whole. The cause of action alleged cannot be divided and tried as to one of the defendants in the State Court, and as to the other in the Circuit Court of the United States. *Gudger* v. *Railroad*, 87 N. C., 325; *O'Kelly* v. *Railroad*, 89 N. C., 58; *Douglas* v. *Railroad*, 106 N. C., 65; *Hyde* v. *Reeble*, 104 U. S., 407; *Railroad* v. *Waugelin*, 132 U. S., 599, and cases there cited.

It was suggested on the argument that the defendant, the Western North Carolina Railroad Company, is no more than a nominal party; that it is not liable to the plaintiff, and is made a party on purpose to prevent the removal of the action as to the appellant to the Circuit Court. But this does not appear from the record, nor is it alleged in the petition for removal of the action, much less is it proved. In the appellant's answer to the complaint, it denies that "its co-defendant was a common carrier of passengers at that time (the 27th of August, 1891) or for some time previous thereto— the said Western North Carolina Railroad Company having leased its rights as such to this defendant." This is all that appears in the record implying the slightest objection to the co-defendant of the appellant as a party—so far as appears the former may be a proper party. It may be that if the appellant had made appropriate allegations in its petition

for removal, the Court below might have enquired into the purpose to make a nominal colorable party with a view to prejudice its right. In *Oakley* v. *Goodman*, 118 U. S., the Court said: "While, therefore, the Courts of the United States have, under the act of 1875, the power to dismiss or remand a case, if it appears that a colorable assignment has been made for the purpose of imposing on their jurisdiction, no authority has as yet been given them to take jurisdiction of a case by removal from a State Court, when a colorable assignment has been made to prevent such removal. Under the law as it now stands the resort can only be had to the State Courts for protection against the consequences of such an encroachment on the rights of the defendant." But we abstain from expressing any opinion in this respect, as the case does not make it necessary for us to do so. It would not be sufficient to simply allege the purpose of the plaintiff to make a colorable party defendant to prevent the removal of the action; it must be proved in some appropriate connection and way. *Bank* v. *Cooper*, 120 U. S., 778; *Provident Savings Society* v. *Ford*, 114 U. S., 635; *Mining Co.* v. *Canal Co*, 118 U. S., 270; *Railroad* v. *Waugelin*, *supra;* Foster's Federal Prac., § 384.

It appears that the plaintiff and the appellant were non-residents of this State and the Western District of North Carolina, and that they respectively were citizens and residents of different States. The plaintiff could not therefore have brought his action in the Circuit Court of that District. The statute provides that the action "shall be brought only in the district of either the plaintiff or the defendant." The plaintiff hence insists that the action could be removed only into the United States Circuit Court where he might have brought his action, and as he could not have brought it in the Western District of North Carolina, this action cannot be removed to the Circuit Court of that District, nor can it be removed to a Circuit Court of the District where he

resides, nor to that where the appellant resides.   It is not necessary to dispose of the case upon that ground.   It seems that there is authority sustaining that view.   *Gudger* v. *Railroad, supra; Foundry Co.* v. *Howland,* 99 N. C., 202; Speer on Removal of Causes, § 23, *et seq.*

Affirmed.

NOTE.—*Lawson* against same defendants, *Coone* against same defendants, and *Armfield* against same defendants, from Iredell Superior Court, are, in material respects, substantially like this case, and must be governed by it.