<hr />

SEABOARD AIR LINE RY. v. NORTH CAROLINA R. CO. et al.

(Circuit Court, E. D. North Carolina. July 2, 1903.)

**1. REMOVAL OF CAUSES—SEPARABLE CONTROVERSY—FORMAL PARTIES.**

In a proceeding to condemn right of way for a railroad over a portion of the right of way of another road which is under a lease having 90 years to run, in which the lessee, lessor, and the original owners of the land are joined as defendants, neither the lessor nor the owners of the fee have any present interest in the controversy, and they are merely nominal parties, whose interests are separable from that of the lessee, and whose presence will not deprive the lessee of the right of removal.

**2. SAME—LOCAL PREJUDICE—RESIDENT AND NONRESIDENT DEFENDANTS.**

A defendant who is a citizen of a state other than that in which the suit is brought may remove the same to a federal court on the ground of local prejudice, although there are other defendants who are citizens of the same state in which the suit is pending.

On Motion to Remand to State Court.

R. W. Winston and Manning & Foushee, for the motion.

F. H. Busbee, opposed.

PURNELL, District Judge. The Seaboard Air Line Railway filed a petition in the state court under the state statute asking for a condemnation of a strip of land 15 feet wide of the right of way of the North Carolina Railroad Company, Southern Railway Company, lessee, and what is known as "Peabody Street" in the city of Durham. See plat in Re City of Durham v. Southern Railway Co. (C. C.) 121 Fed. 895. On a verified petition of the Southern Railway Company the cause, on account of local prejudice and inability to get justice in the state court, as set out, was removed to the United States Circuit Court. The Seaboard Air Line Railway now moves to remand the cause, alleging the same was improperly removed, because there are other defendants than the Southern Railway Company (admitted to be a nonresident corporation), who are residents of the state; that this is not a separable controversy, and there is no local prejudice against the Southern Railway Company, but it is growing in favor in Durham.

The facts found in the former decision of this court must be taken as res adjudicata, certainly as far as this court is concerned, and for these facts a reference to the case supra is sufficient without repeating. The pregnant facts are that the Southern Railway Company is entitled to the right of way under the 99-year lease, no one

¶ 1. Separable controversy as ground for removal of cause to federal court, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Mineral Co., 35 C. C. A. 155.

¶ 2. Removal of cause to federal court for prejudice or local influence, see note to P. Schwenk & Co. v. Strang, 8 C. C. A. 95.

can claim the abandonment therein except the original owners of the fee or their representatives, and that by the provisions of section 29 of the charter of the North Carolina Railroad Company they are estopped by presumption to have executed a grant after two years, under the act of the General Assembly of North Carolina.

Is this a separable controversy? Who is interested in its settlement? To determine this question the court, if necessary, may arrange the parties, and this court cannot be deprived of jurisdiction by an arbitrary arrangement of parties plaintiff and defendant. If the real party in interest is entitled to remove and have his rights passed upon in the courts of the United States, he may remove, though a nominal party has no such right. Meyer v. Construction Co., 100 U. S. 457, 25 L. Ed. 593; Barney v. Latham, 103 U. S. 205, 26 L. Ed. 514; Harter v. Kernochan, 103 U. S. 562, 26 L. Ed. 411; Wormley v. Wormley, 8 Wheat. 421, 5 L. Ed. 651; Wood v. Davis, 18 How. 467, 15 L. Ed. 460.

Following this well-established rule, who is interested in this controversy—who should or may be plaintiffs, and who defendants? It may be here noted that, at the time the former decision referred to was rendered, a proceeding for a similar purpose, the same relief— a condemnation of a part of the right of way on what is known as "Peabody Street"—was pending in this court, entitled "The Durham and Northern Railroad Company [owned and operated by the complainant] v. North Carolina Railroad Company et al." Soon after the decision the plaintiff took a nonsuit, and this proceeding was instituted in the name of the Seaboard Air Line Railway, seeking the condemnation of a part of the locus in quo for a right of way for that corporation. Under such circumstances, where mere nominal parties are joined, it will be held to have been done to prevent removal: Powers v. C. & O. R. R. Co. (C. C.) 65 Fed. 129.

The North Carolina Railroad Company has leased all its property, franchises, etc., for a term of 99 years, to the Southern Railway Company, and this lease has been held to be valid. The North Carolina Railroad Company could not, therefore, under any circumstances, except upon an abandonment or surrender of the lease, have any interest in the controversy until the expiration of the lease, in 1994. It has no present interest in the controversy; only a contingent interest, and that contingency remote. It has recently been held that when the lessor and lessee of a railroad are joined as parties defendant, the lessee, being a nonresident, may remove the cause to the courts of the United States. Kelly v. C. & A. Ry. Co. (C. C) 122 Fed. 286. It would seem, therefore, that the Southern Railway Company is at present alone interested in the controversy, and if the other defendants are interested, which interest has not been manifested by an appearance, as to the Southern Railway Company it is a separable controversy. Is the new plaintiff in any better plight? Is it not the same defendant, the Southern Railway Company, that is vitally interested in the controversy? As already decided in the case of City of Durham v. Southern Railway Company, by this court, the city of Durham, joined as party defendant, has no title or interest in the subject-matter of this proceeding.

Several of the alleged heirs of the original owners of the fee are joined as defendants. Referring to the former decision, it will be seen they can have no interest in common with the North Carolina or Southern Railway Companies, but, if they have any interest at all, it is adverse to corporations holding or claiming the easement on and over the realty. They are at best merely nominal parties, possibly necessary, looking to a right of way over the land after its abandonment by the North Carolina Railroad Company, of which there is no present prospect, after the expiration of the 99-year lease by that company to the Southern Railway Company. This is too remote to regard them as interested in the present controversy, and in this day and generation they would be more properly plaintiffs than defendants. Certainly they have no interest in common with the Southern Railway Company, are nominal parties, and would at this time be interested in compensation for the additional burden put upon the realty, should the prayer of the petition be finally granted, and the right of eminent domain exercised, by a condemnation of the strip of land, as asked, for a right of way on the North Carolina Railroad Company, lessor, Southern Railway Company, lessee's right of way. These parties have not yet entered an appearance. The Oxford & Clarksville Railroad, as will be seen from the facts found in the former case, has been sold and bought by the Southern Railway Company. Under the laws of North Carolina, when one corporation is sold and purchased by another corporation, the purchasing corporation becomes vested with all the rights, property, and franchises of the corporation sold. The Oxford & Clarksville Railroad Company hence is merged into the Southern Railway Company, and is a mere nominal party, and, since it has no real existence, can hardly be said to be a necessary party. Code N. C. §§ 697, 698.

Applying these principles, rearranging the parties or regarding them as nominal parties—necessary, perhaps—it appears the nonresident defendant is the only real party interested in the controversy. It is a separable controversy, and may be removed. Barney v. Latham, 103 U. S. 205, 26 L. Ed. 514; Blake v. McKim, 103 U. S. 336, 26 L. Ed. 563; Gudger v. R. R. Co., 87 N. C. 325; Simmons v. Taylor, 83 N. C. 148, 35 Am. Rep. 56; Hyde v. Ruble, 104 U. S. 407, 26 L. Ed. 823. This cause was removed under section 2, of the act of 1888, 25 Stat. 435, c. 866 [U. S. Comp. St. 1901, p. 509], which provides that "any defendant" may for local prejudice have his cause removed into the courts of the United States; and this section seems to broaden, instead of restricting, the law. The Supreme Court has not settled the question discussed, but the decisions of the other courts of the United States are numerous. The cases cited in Moon on Removal, § 189, states the law to be that for the purposes of removal all the parties on one side must be citizens of the state where the suit is brought, and all the parties on the other side citizens of another or other states. For this, decisions in the Eighth circuit are cited. But even in this circuit the decisions are not uniform, while the decided cases in nearly all the other circuits are to the contrary. After an examination of the decided cases and the reasoning thereof, this court cannot concur in the rule as laid down in Moon. Such

has never been the law or the construction of the law in this circuit. The most recent published decision on the subject—Montgomery County v. Cochran (C. C.) 116 Fed. 985–1002—is an exhaustive discussion of the authorities on the subject, and the conclusion reached seems to be the proper one. A reference to this decision is deemed sufficient.

But it is argued there is no local prejudice against the Southern Railway Company in the city or county of Durham, and for this a single affidavit—that of the assistant postmaster at Durham—is offered, in which it is stated on oath that there. has been prejudice against the Richmond & Danville R. R. Company, which formerly operated the North Carolina Railroad Company, but there is, in the opinion of affiant, no local prejudice against the Southern Railway Company, but the Southern Railway Company stands well with the people of the county, and is steadily growing in favor, etc. The affidavit of the first vice president of the Southern Railway Company, on which the cause was removed, sets forth the local prejudice, and the facts upon which the belief that such local prejudice exists, and the inability of the defendant corporation to obtain a fair and impartial trial in the state courts, is based. One affidavit is based on opinion; the other on facts. The court, therefore, finds as a fact that there is such local prejudice as is contemplated in the statute for the removal of a cause to the courts of the United States.

For the reasons stated, and others moving the court, the motion to remand is denied.