## Case No. 9.

### ABBOT v. AMERICAN HARD RUBBER CO.

[4 Blatchf. 489.][1]

Circuit Court, D. Connecticut. April, 1861.

EQUITY—NECESSARY PARTIES—DISMISSAL.

1. A circuit court of the United States will not proceed to a final decree, in a suit in equity, in the absence of a party whose interests are to be affected thereby.

[Cited in New Jersey Zinc & Iron Co. v. Trotter, 18 Fed. Rep. 339.]

2. Where a bill against a corporation alleged that certain directors of the corporation were about to make a fraudulent sale of all the property of the corporation to P., and prayed an injunction to restrain the corporation from consummating the sale, but P. was not made a party to the bill: *Held*, on demurrer, that P. was not a necessary party.

3. A circuit court of the United States will always dispense with a merely formal party, where he is beyond the reach of process; and, where a person is beyond the reach of process, it will dismiss a bill, on the ground of its inability to proceed, only when it discovers that

[1][Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

the presence of the person is indispensable, and that no relief can be given which does not necessarily involve his rights.

[In equity. Bill by Gorham D. Abbot against The American Hard Rubber Company for an injunction.]

This was a demurrer to a bill in equity. The bill alleged that the defendants were a corporation established by the laws of Connecticut, and located at Bethany, in that state; that the plaintiff was a director and a large stockholder therein; that the capital stock of the corporation was three hundred thousand dollars; that its property, consisting of various assets, amounted to not less than that sum; that certain members of the board of directors, on or about the 9th of November, 1860, met in the city of New York, and entered into certain fraudulent arrangements with one Conrad Poppenhusen and one Christian Konig, of said city, by which they agreed to sell and dispose of all the property of the corporation to said Poppenhusen and Konig, or to one of them, for the sum of one hundred and twenty thousand dollars; that said directors so engaged in this fraudulent arrangement were not a majority or legal quorum of said board of directors; that, if the arrangement should be carried out, the plaintiff would suffer great pecuniary loss and his stock would be sacrificed; and that the corporation, unless restrained by injunction, would carry out and perfect the aforesaid unlawful and fraudulent arrangement. The prayer was for an injunction, to prevent the corporation from ratifying and giving legal and practical effect to such inchoate fraudulent arrangement of some of the directors, and for the appointment of a receiver. The demurrer rested on the objection, that Poppenhusen and Konig were not made parties to the bill, and that the facts set up in the bill showed that their interests under the alleged fraudulent arrangement were directly involved in the controversy, and must be affected by any decree of the court therein.

SHIPMAN, District Judge. The argument urged in this case is, that, by the disclosures of the bill, Poppenhusen and Konig are seen to be indispensable parties thereto, as their rights must be necessarily affected by a decree; and that, inasmuch as a circuit court is not enabled, either by any act of congress, or any rule of practice, to make a decree in the absence of an indispensable party, whereby his interests can be affected, the bill should be dismissed. The cases of Shields v. Barrow, 17 How. [58 U. S.] 130, and Coiron v. Millaudon, 19 How. [60 U. S.] 113, are cited in support of this view. These cases support the general proposition, that a circuit court will not proceed to a final decree in the absence of a party whose interests are to be affected thereby. But, are Poppenhusen and Konig such indispensable parties?

Although the bill is not drawn with that fullness or precision of statement which might be desirable, yet, it is evident that it proceeds upon the theory, that the directors who are negotiating with Poppenhusen and Konig have no power or authority to confer upon the latter any right, title or interest whatever, and, in point of fact, have conferred none, as against the rubber company, and that, in order to give effect to this inchoate fraud, the corporation must and will, itself, act, and, by its ratification or adoption of the fraudulent arrangement, inflict upon the plaintiff, through his stock, the injury he seeks to avoid. It is against this prospective injury that the plaintiff seeks protection. The bill is not brought to rescind any contract, or to take from Poppenhusen and Konig any right which they have, but to restrain the defendants from conferring any title or interest or right upon them, by giving effect to the fraudulent scheme. By what the bill alleges to have already been done, it does not appear that Poppenhusen and Konig, or either of them, have derived from the defendants any rights or interests which a court of law or of equity would enforce or protect. All that has yet been done, is merely preliminary to the consummation of the fraud. A decree enjoining the defendants from adopting the acts of their unauthorized agents, the directors concerned, would not affect any right or interest vested in these absent parties, so far as I can discover from the facts alleged in the bill and admitted by the demurrer. It is asked, whether, if Poppenhusen and Konig were to be found within the state of Connecticut, they ought not to be made parties? I hardly think this inquiry involves a true test. There may be, in a single proceeding in chancery, three classes of parties —formal parties, necessary parties, and indispensable parties. In a case where all these parties were within the jurisdiction and subject to the process of the court, it might be necessary that they should all be brought in. But the circuit courts of the United States will always dispense with merely formal parties, where they are beyond the reach of process. This is believed to be in accordance with the general practice of courts of chancery. Russell v. Clark's Ex'rs, 7 Cranch, [11 U. S.] 69, 98; Shields v. Barrow, 17 How. [58 U. S.] 130; Joy v. Wirtz, [Case No. 7,554.] And, even where parties come under the denomination of necessary parties, and where, if they were within the reach of process, the court would insist on their being brought in, before it would proceed to make a final decree, yet, a circuit court, where the party is beyond the reach of its process, will dismiss the bill, on the ground of its inability to proceed, only when it discovers that the presence of the party is indispensable, and that no relief can be given which does not necessarily involve his rights.

I think that a bill of this kind ought not to be dismissed, until the court is quite certain that it cannot, under the settled rules, grant the relief asked for; and, if I had any doubt on the question raised upon this bill, I should still be inclined to overrule this demurrer, inasmuch as the objection can be made available in any future stage of the cause. If it should at any time appear that Poppenhusen and Konig, or either of them, or any other person, have interests vested in them which must necessarily be affected by the decree, then none can be passed, and the bill will have to be dismissed. The demurrer is overruled.