### HYDE *v.* RUBLE.

1. Under the second section of the act of March 3, 1875, c. 137 (18 Stat., pt. 3, p. 470), a suit cannot be removed from a State court to the Circuit Court, unless either all the parties on one side of the controversy are citizens of different States from those on the other side, or there is in such suit a separable controversy, wholly between some of the parties who are citizens of different States, which can be fully determined as between them.
2. That act repealed the second clause of sect. 639 of the Revised Statutes.

ERROR to the Circuit Court of the United States for the District of Minnesota.

The facts are stated in the opinion of the court.

*Mr. Angus Cameron* for the plaintiffs in error.

*Mr. Gordon E. Cole, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This was a suit begun by Ruble and Green, on the 6th of March, 1880, in a State court of Minnesota, upon an alleged contract of bailment made by the defendants as partners. The amount involved was a little more than $500. The plaintiffs were citizens of Minnesota. Only one defendant, Rowell, was a citizen of that State. The business of the alleged partnership was carried on there. He filed a separate answer to the complaint, in which he denied the existence of any partnership between himself and the other defendants, and set up a full performance of the contract on his part. The other defendants joined in a separate answer for themselves, in which they denied any partnership with him, and any con-

tract between themselves and the plaintiffs.   They also denied generally all the allegations of the complaint.

On the 12th of April, 1880, after these answers were in, all the defendants, including Rowell, filed in the State court a petition for the removal of the suit to the Circuit Court of the United States for the District of Minnesota, on the ground of the citizenship of the parties.   At the next term of the Circuit Court the cause was remanded to the State court.   This order was entered in the Circuit Court July 31, 1880, and a copy thereof filed in the State court on the 11th of August.   On the 12th of January, 1881, at a term of the State court which began on the 10th of that month, another petition was filed, by all the defendants who were not citizens of Minnesota, for a removal of the suit, as to themselves, on the ground that there could be a final determination of the controversy, so far as it concerned them, without the presence of Rowell as a party.   It is not contended that this petition was filed in time to effect a removal under the second clause of the second section of the act of March 3, 1875, c. 137 (18 Stat., pt. 3, p. 470) ; but the State court, under the second clause of sect. 639 of the Revised Statutes, ordered a removal, so far as concerned the petitioning defendants, leaving the suit to proceed in that court as to Rowell.   When the case was docketed in the Circuit Court under this second removal it was again remanded.   To reverse these several orders of the Circuit Court this writ of error has been brought by the defendants.

This action is clearly one sounding in contract and not in tort.   According to the allegations of the complaint the plaintiffs stored, at an agreed rate, their wheat with the defendants, who undertook to buy it and pay for it at the market price whenever the plaintiffs wanted to sell.   The action is brought to recover what is alleged to be due on the price according to the terms of this contract.   All the allegations of wrongful conversion are immaterial, and in no way change the character of the suit.

The suit, then, as it stands on the complaint, is in respect to a controvesy between the parties as to the liability of the defendants on a single contract.   One ground of defence is, that there was no partnership between the defendants, and that

Rowell alone was bound by the contract that was made; and another, that the contract, by whomsoever made, had been fully performed. Clearly, then, under our rulings in *Removal Cases* (100 U. S. 457) and *Blake* v. *McKim* (103 id. 336) the case was not removable under the first clause of the second section of the act of 1875, because all the parties on one side of the controversy were not citizens of different States from those on the other.

Neither do we think it was removable under the second clause of the same section, on the ground that there was in the suit a separate controversy wholly between citizens of different States. To entitle a party to a removal under this clause there must exist in the suit a separate and distinct cause of action in respect to which all the necessary parties on one side are citizens of different States from those on the other. Thus, in *Barney* v. *Latham* (103 id. 205), two separate and distinct controversies were directly involved: one as to the lands held by the Winona & St. Peter Land Company, in respect to which the land company was the only necessary party on one side and the plaintiff on the other; and the second as to the moneys collected from the sales of lands before the land company was formed, and as to which only the natural persons named as defendants were the necessary party on one side and the plaintiffs on the other. One was a controversy about the land and the other about the money. Separate suits, each distinct in itself, might have been properly brought on these two separate causes of action, and complete relief afforded in each suit as to the particular controversy involved. In that about the land, the land company would have been the only necessary defendant; and in that about the money, the natural persons need only have been brought in. In that about the land there could not have been a removal, because the parties on both sides would have been citizens of the same State; while in that about the money there could have been, as the plaintiffs would all be citizens of one State, while the defendants would all be citizens of another. When two such causes of action are found united in one suit, we held in the case last cited there could be a removal of the whole suit on the petition of one or more of the plaintiffs or defendants interested in the controversy,

which, if it had been sued on alone, would be removable. But that, we think, does not meet the requirements of this case. This suit presents but a single cause of action, that is to say, a single controversy. The issues made by the pleadings do not create separate controversies, but only show the questions which are in dispute between the parties as to their one controversy.

The suit is, therefore, governed by the principles applied in *Removal Cases* and *Blake* v. *McKim*, rather than those in *Barney* v. *Latham*, and was properly remanded.

The second clause of sect. 639 of the Revised Statutes was, as we think, repealed by the act of 1875, and as the second petition for removal was not filed in time under the act of 1875, it was of no avail. The whole case depends on the first petition.

The order to remand is

*Affirmed.*