## THE FRANCISCO GARGUILO.[*]

*(District Court, E. D. New York.   December 7, 1882.)*

PILOTAGE—TENDER OF SERVICES—STATE STATUTE.

A pilot who brought a vessel into the port of New York from sea became entitled under a state statute to pilot her to sea when she next left the port, by himself or one of his boat's company. The master of the vessel arranged with the pilot to meet him at a certain time and place, whence they were to go on board the vessel together. The pilot presented himself at the time and place appointed; the master did not appear, but went on board and to sea without a pilot. *Held*, that this was sufficient tender of his services on the part of the pilot, without his presenting himself on board the vessel, to charge the vessel with liability for the damages resulting from the non-performance of the obligation created by the statute.

In Admiralty.

*Butler, Stillman & Hubbard*, for libelant.

*Goodrich, Deady & Platt*, for claimant.

BENEDICT, D. J.   This case comes before the court upon exceptions to the libel. The facts averred in the libel are in substance these: The libelant, John E. Johnson, being a regular licensed pilot, was employed to pilot the bark Francisco Garguilo from sea to the port of New York, and in fact did bring that vessel in from sea. When

[*]Reported by R. D. & Wyllys Benedict.

the vessel was about to leave the port the next time, the master of the vessel arranged with the libelant to meet him at a certain time and place in the city of New York, whence, according to the arrangement, the pilot and the master were to go together on board the bark, and the bark was then to be taken to sea by the libelant. In pursuance of this arrangement, the libelant presented himself at the time and place appointed. The master did not then appear, but went on board his vessel and to sea without a pilot.

The statute of the state of New York provides that "any pilot bringing in a vessel from sea shall, by himself or one of his boat's company, be entitled to pilot her to sea when she next leaves the port." By virtue of this statute the libelant, upon the facts stated, became entitled to take this vessel to sea on the voyage described in the libel. An obligation to employ and pay the libelant for that service was created by the statute. Upon due tender of the service by the libelant and refusal by the master to accept the same, a right of action for damages resulting accrued to the libelant. This right of action arising out of the non-performance of a *quasi* contract of pilotage is maritime in character, and may be enforced in admiralty. The case is similar, in these respects, to cases decided by the supreme court of the United States. *Steam-ship Co.* v. *Joliffe*, 2 Wall. 450; *Ex parte McNiel*, 13 Wall. 242.

In order to make a proper tender of his services as outward pilot for the vessel, it was sufficient for the pilot to present himself at the time and place appointed by the master to meet the pilot and take him on board. Under the circumstances stated in the libel it was not necessary for the pilot to present himself on board the vessel in order to make the tender of service complete. Nor is the rendition of some service by the pilot on board of the vessel necessary to charge the vessel with liability for the damages resulting from the non-performance of the obligation created by the statute.

There must be a decree for the libelant upon the exceptions, with leave to claimant to answer on payment of costs.

See *The Alzena*, 14 FED. REP. 175, and note.

FOLSOM *v.* CONTINENTAL NAT. BANK OF NEW YORK, and another, Security.\*

(*Circuit Court, N. D. Georgia.* 1882.)

REMOVAL OF CAUSE—CONTROVERSY MUST BE SEPARABLE.

     One of two defendants jointly sued in a state court cannot remove the cause into the federal court on the ground of diversity of citizenship between himself and plaintiff without showing that the controversy is separable.

Motion to Remand.

*Reuben Arnold* and *E. N. Boyles,* for plaintiff.

*Mynatt & Howell,* for defendants.

McCAY, D. J.   The Continental National Bank of New York sued out an attachment in the state courts against Folsom, and gave Wallace as security on the attachment bond.

This is a suit brought on the bond by Folsom against the bank and Wallace in the state court.   The bank, as a citizen of the state of New York, filed a petition for the removal of the cause to this court, setting up that in the cause there is no controversy whatever between it and Folsom; that Wallace, a citizen of Georgia, is merely a nominal party, and that Folsom is a citizen of Georgia.   The court refused to pass the order for removal.   The petitioner, nevertheless, filed papers in this court, and now Folsom sues to remand the cause to the state court.   The latest case on this subject that has been reported is *Hyde* v. *Ruble,* 104 U. S. 408.

That was a suit on what was alleged to be a partnership contract of bailment.   Certain of the alleged partners were citizens of another state, not only from plaintiff, but from Ruble, the resident defendant, and they had filed a plea that they were not partners, and that the contract had been performed.   They moved the removal of the cause. The court (the chief justice delivering the opinion) decided that the second clause of section 639 of the Revised Statutes is repealed by the act of 1875.   The court further decided that under the second clause of the second section of the act of 1875, to make the controversy removable in a case where all the parties on one side were not citizens of a different state from the parties on the other side, there must exist in the suit a separate and distinct cause of action, in respect to which all the necessary parties on one side are citizens of different states from those on the other.

\*Reported by W. B. Hill, Esq., of the Macon, Ga., bar.

This is a suit on a bond—a joint bond. The plaintiff claims a right to sue all the obligors on the bond. He has a perfect right to do this; this is his cause of action. It is not against the bank, nor Wallace, but it is against both. Even if the bond were several as well as joint, the plaintiff would have a right to treat it and sue on it as a joint bond. And this he has done. The cause in 104 U. S. is much stronger than this. There, on this question of partnership, the controversy might be fairly said to be a separable one, but the court refused the petition for removal because the plaintiff's complaint in the cause of action was joint. Here there is no separate obligation to the plaintiff. The parties are bound jointly, or not at all. What would be a good defense for one would be good for the other. What would charge one would equally charge the other.

Under the ruling in the case I have referred to, I feel compelled to remand the cause. Let an order be drawn accordingly.