KELLY v. HOUGHTON.

(*Circuit Court, D. California.* April 20, 1883.)

1. REMOVAL OF CAUSE—ALLEGATION OF CITIZENSHIP.

As a party may be a resident of a state without being a citizen thereof, a simple averment that a party seeking to remove a cause is a resident of a certain state is not sufficient.

2. SAME—REV. ST. § 639, CL. 2.

Rev. St. § 639, cl. 2, has been repealed by the act of March 3, 1875; following *Hyde* v. *Ruble*, 104 U. S. 407.

On Motion to Remand.

SAWYER, J. This case will have to go back to the state court, on the ground, if on no other, that it is not alleged in the petition or in the pleadings of what state the plaintiff is a citizen. It is alleged that Wetherbee is a citizen and resident of Boston, Massachusetts, but it does not allege of what state the plaintiff is a citizen. It is averred that he is a resident, but does not state that he is a citizen, of California. He may be a resident and not a citizen of California. It is defective in that particular. The petition to remove the case is expressly based on clause 2, § 639, of the Revised Statutes, and the supreme court held last winter, in the case of *Hyde* v. *Ruble*, 104 U. S. 407, that that section is repealed by the act of 1875. Thus the petition to remove is not based upon an act in force at the time. The application to remove, in express terms, is limited to section 639, which the supreme court hold is repealed.

On these two grounds the case must be remanded. I am not certain that it ought not be remanded also on the other ground that the motion to remove was not made in time; but an opinion on that point I shall reserve till some other occasion. I am inclined to think, however, where the rules of the court provide that a calendar shall be made up, and cases go upon the calendar for trial at the beginning of each month, that each month ought to be regarded as the beginning of a new term. There are no technical terms of the courts under the present constitution and laws of California. Where the rules provide that a trial calendar shall be made up at the beginning of each month, I am inclined to think that the several months, when new calendars are made out and taken up, should be regarded as terms within the meaning of the act of congress. Now this case passed over a good many of such monthly terms after suit was brought, before the application to remove was made. It is true that the law does not contemplate that there shall not be reasonable time for preparing the pleadings and forming the issues, settling preliminary questions of law, and so forth; but it does intend that there shall be reasonable expedition, and that attorneys shall bring on a trial as soon as can reasonably be done in the regular course of proceedings in court, and not delay. If they so delay beyond the time when it

could be brought to issue, and tried in the regular course of proceedings in the court, it is their fault, and not the fault of the law or of the court. This case went over from month to month, for many months, while the preliminary proceedings—demurrers and amended proceedings—were pending and dragging slowly along, and I am not certain that the case ought not to be remanded on that ground.

The case is remanded, with costs.