NEW JERSEY ZINC & IRON Co. *v.* TROTTER and others.

(*Circuit Court D. New Jersey.*   November 5, 1883.)

REMOVAL OF CAUSES.

 The second clause, section 2, of the removal act of 1875, enacts that when in any suit pending in a state court there shall be a controversy which is wholly between citizens of different states, and which can be fully determined between them, then either one or more of the plaintiffs or defendants actually interested in such controversy may remove said suit to the circuit court of the United States for the proper district.   To enable a party to remove under this clause there must exist in the suit a separate and distinct cause of action, in respect to which all the necessary parties on one side are citizens of different states from those on the other.

On Motion to Remand.

*T. N. McCarter,* for plaintiff.

*C. & R. W. Parker,* for Trotter.

NIXON, J.   This is a motion to remand to the state court a suit originally commenced in the court of chancery of New Jersey, and which one of the defendants (Trotter) has attempted to remove into this court.   The decision of the question depends upon the nature of the suit, as disclosed in the pleadings and the construction of the second clause of the second section of the removal act of March 3, 1875.   The bill is filed by the complainant corporation of New Jersey against Charles W. Trotter, James L. Curtis, surviving trustee of the Franklinite Mining Company, and the Franklinite Steel & Zinc Company.   Trotter and Curtis are citizens of New York, and the Franklinite Steel & Zinc Company is a corporation of the state of New Jersey.   The object of the bill seems to be to obtain the reformation of certain deeds, under which the complainant corporation claims title to the ore called "franklinite" in a portion of the premises known as Mine Hill, in Sussex county, New Jersey.   The first of these deeds was executed by Samuel Fowler, on March 10, 1848, to the Sussex Zinc & Copper Mining & Manufacturing Company, and describes the tract of land on which the franklinite, claimed to have been conveyed, is contained, by specific monuments, and by metes and bounds.   The allegation of the bill is that by reason of the inaccuracies and defects in the description of the premises, which inaccuracies and defects are repeated in the subsequent conveyances of titles, there is a difficulty in locating the said deed upon the franklinite vein, as it was intended to be located, unless the same shall be corrected so as to make it conform to the intention of the parties.   The relief asked for is that the said deeds may be so amended and corrected in the description therein as to make them conform to the intention of the several parties thereto, when they were respectively executed, and so as to convey, without doubt or mistake, that portion of the franklinite vein on Mine Hill which is included within a par-

allelogram described in a certain map of Isaac Shiner, a copy of which was annexed to the bill; that said amendment and reformation in the several deeds may be made in such manner as will effectually operate to convey and confirm unto the complainant the portion of the franklinite vein claimed by defendants, in accordance with the intention and design of the parties; that the several defendants may be directed and decreed to execute proper and sufficient deeds of release to the complainant, so as to release and discharge that portion of the franklinite vein, so intended to be conveyed, from all claims thereto on the part of the several defendants, and that the defendants may be severally enjoined and restrained from executing any further leases, conveyances, or transfers of any right to franklinite ore on that part of Mine Hill within the limits thereof so intended to be conveyed to the complainant, and may also be restrained from removing any ore therefrom, or committing any trespass thereon, or from bringing any suit or action at law to recover possession thereof, or from taking any other step, or doing any other act, to interfere with the possession of complainant. James L. Curtis, Charles W. Trotter, and the Franklinite Zinc & Steel Company are made defendants, because they unite in themselves the whole legal and equitable title to the premises in dispute, so far as it is claimed adversely to the complainant; Curtis being the trustee who holds the legal title to the reversion in fee in trust for the Franklinite Steel & Zinc Company, Trotter the lessee of Curtis for a term of years, and who claims under his lease a present right of possession, and the Franklinite Steel & Zinc Company being the *cestui que trust* of Curtis.

The second clause, section 2, of the removal act of 1875, enacts that when, in any suit pending in a state court, there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them, then either one or more of the plaintiffs or defendants actually interested in such controversy may remove said suit to the circuit court of the United States for the proper district. Can a controversy be found in this suit which is wholly between the defendant Trotter and the complainant, and which can be fully determined between them? This provision of the section is predicated upon the fact that actions are often in their nature severable, and frequently embrace more than one controversy. The object of the clause was to enable citizens of different states, who found themselves involved in a suit in which more than one controversy existed, and one of which was capable of being fully determined without the presence of other parties named in the action, to avail themselves of their constitutional right to have their separate controversy settled in a federal court.

But the bill of complaint in the present case seems to reveal only one cause of action, to-wit, the reformation of certain deeds. The several defendants are made parties because they are directly interested in this single controversy,—the Franklinite Steel & Zinc Com-

pany, because it claims an equitable title to the premises in dispute; Curtis, because he holds the legal title as the surviving trustee of said corporation, and exercises the right of leasing the property for a term of years; and the defendant Trotter, because he has an immediate interest in defeating the complainant's attempt to amend and reform the deeds, which, if successful, would deprive him of the right, as lessee of Curtis, to enter upon the disputed premises to mine for franklinite. Under well-established principles of equity practice, any court would require the presence of all these parties before it would proceed to a final decree. 1 Daniell, Ch. Pr. (5th Amer. Ed.) 190, note 5; Story, Eq. Pr. § 72; *Shields* v. *Barrow,* 17 How. 130; *Ribon* v. *Railroad Cos.* 16 Wall. 446; *Abbott* v. *Rubber Co.* 4 Blatchf. 489.

Calvert, in his excellent Treatise upon the Law respecting Parties to Suits in Equity, (p. 285,) states that a bill cannot be filed against a lessee for the purpose of disputing the title of the lessee or owner of the inheritance without making him a party.

In the recent case of *Hyde* v. *Ruble,* 104 U. S. 409, the supreme court, in considering the clause of the second section of the removal act on which the present removal is demanded, say: "To enable a party to remove under this clause there must exist in the suit a separate and distinct cause of action, in respect to which all the necessary parties on one side are citizens of different states from those on the other."

Holding this view of the nature and character of the action, and being bound by the construction of the removal act made by the supreme court in the cases of *Barney* v. *Latham,* 103 U. S. 206, and *Hyde* v. *Ruble, supra,* I must remand this cause to the state court, and it is accordingly so ordered.