## MOORE and others *v.* NORTH RIVER CONSTRUCTION Co. and others.

*(Circuit Court, N. D. New York. April 3, 1884.)*

JURISDICTION OF FEDERAL COURTS—SEPARATE CONTROVERSY.

Where citizens of New York, who are creditors of a New Jersey corporation, bring suit in the nature of a creditor's bill to reach real estate which they allege was fraudulently and unlawfully conveyed to a New York corporation, no relief being demanded against the New Jersey company, *held,* that there was no separate controversy between citizens of different states such as to give jurisdiction to the United States courts.

On Motion to Remand.

*Edward W. Paige* and *Alonzo P. Strong,* for plaintiffs.

*P. B. McLennan, Otto T. Bannard,* and *Albert B. Boardman,* for defendants.

COXE, J. The plaintiffs are citizens of New York. The defendant, the North River Construction Company, is a New Jersey corporation. The other two defendants are New York corporations. The plaintiffs are creditors of the construction company. There being no pleading before the court but the complaint, it must be the sole guide in determining the character of the action. The relief demanded is that certain real estate alleged to have been paid for by the construction company, when insolvent, and conveyed direct to the railway company in fraud of the plaintiffs' rights, be sold to satisfy their claims. Also that an injunction issue restraining the defendants from disposing of or incumbering the land. No judgment is asked against the construction company.

Because the plaintiffs are not judgment creditors, it is argued that there is a controversy between them and the construction company, and that this court therefore has jurisdiction. In one sense, undoubtedly, this is true, but is it such a controversy as is contemplated by the statute? Is it, to use the language of the chief justice in *Hyde* v. *Ruble,* 104 U. S. 409, "a separate and distinct cause of action?" Does the complaint state two causes of action or one? No separate judgment could be entered against the construction company. Should the trial court find on the main issue that there were no purchases of land as alleged, the complaint would be dismissed as

to all of the defendants without reference to what the proof might be upon the question of indebtedness. Test it in another way. Suppose on the trial the plaintiffs prove that they are creditors of the construction company and there stop. Would there be a judgment against that company for the amount so proved or a general decree in favor of all the defendants? It is thought that under the allegations of this complaint the latter would be the inevitable result. In *Barney* v. *Latham*, 103 U. S. 205, on the contrary, there were two entirely distinct controversies in each of which judgment could be entered. In the case at bar the perplexities which surround the question of jurisdiction are enhanced by reason of the anomalous character of the action, but it may be said with certainty that the goal which the plaintiffs seek is the land in the possession of the West Shore company. In order to reach it they must establish a number of facts, regarding which undoubtedly a controversy may arise between them and the construction company. For instance: they must prove that the company was insolvent, that its money paid for the land, that the transfer was collusively made, that they are creditors, etc. The construction company is interested in disproving each of these propositions: but are they not, if denied, issues to be tried rather than separate and distinct causes of action? I am constrained to hold that the motion should prevail on the ground that the action, if it can be maintained at all, must proceed upon the theory that there is no separate and distinct controversy which can be fully determined between the plaintiffs and the construction company, within the meaning of the second clause of the second section of the act of 1875.

The complaint has been considered solely with reference to the question of jurisdiction. It is not intended that anything said upon this question shall be considered as an intimation that a creditor who has not established his claim by a judgment can maintain an action of this character.

The motion to remand is granted.