FOGARTY v. SOUTHERN PAC. CO. et al.

(Circuit Court, S. D. California. July 6, 1903.)

1. REMOVAL OF CAUSES—SEPARABLE CONTROVERSY—HOW DETERMINED.
Whether or not an action presents a separable controversy between plaintiff and one of two or more defendants, which entitles such defend-

¶ 1. Separable controversy as ground for removal of cause to federal court, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Valleytown Mineral Co., 35 C. C. A. 155.

ant to remove the cause, is to be determined from the allegations of the complaint alone, and cannot be shown by averments in the petition for removal.

**2. SAME—ACTION FOR JOINT TORT—ALLEGATIONS OF COMPLAINT.**

A complaint in an action by an employé of a railroad company against such company and others to recover for a personal injury, which alleges that such injury was caused by the negligence of defendant company in failing to maintain its tracks and cars in a safe condition, and to the negligent operation of a car by all of the defendants, without showing what, if any, relation existed between defendants, states a cause of action for a joint tort, which is not separable, so as to entitle the defendant company to a removal, where its codefendants are not shown to be citizens of other states.

**3. SAME—MOTION TO REMAND.**

The question whether there is a misjoinder of causes of action in a complaint is not one for consideration on a motion to remand

On Motion to Remand to State Court.

Sullivan & Sullivan, for plaintiff.

W. H. Spencer, P. F. Dunne, C. E. Nougues, and Flint & Barker, for defendants.

ROSS, Circuit Judge. This is an action for damages brought in the superior court of San Luis Obispo county, Cal., against the Southern Pacific Company, a corporation of the state of Kentucky, and Frank Nelson and William S. Waters. On the petition of the defendant corporation the action was transferred to this court, where a motion is made on behalf of the plaintiff for its remand to the state court. The petition for the removal was based upon the ground that the case involves a separable controversy as between the plaintiff and the defendant corporation, and also that the individual defendants were made such solely for the purpose of depriving the defendant company of its alleged right to a trial in the federal court. In Powers v. Chesapeake & Ohio Railway Company, 169 U. S. 92, 18 Sup. Ct. 264, 42 L. Ed. 673, the Supreme Court declared it to be "well settled that an action of tort which might have been brought against many persons, or against any one or more of them, and which is brought in a state court against all jointly, contains no separate controversy which will authorize its removal by some of the defendants into the Circuit Court of the United States, even if they file separate answers and set up different defenses from the other defendants, and allege that they are not jointly liable with them, and that their own controversy with the plaintiff is a separate one; for, as this court has often said, 'a defendant has no right to say that an action shall be several which the plaintiff seeks to make joint. A separate defense may defeat a joint recovery, but it cannot deprive a plaintiff of his right to prosecute his suit to final decision in his own way. The cause of action is the subject-matter of the controversy, and that is, for all the purposes of the suit, whatever the plaintiff declares it to be in his pleadings' "—citing Pirie v. Tvedt, 115 U. S. 41, 43, 5 Sup. Ct. 1034, 1161, 29 L. Ed. 331; Sloane v. Anderson, 117 U. S. 275, 6 Sup. Ct. 730, 29 L. Ed. 899; Little v. Giles, 118 U. S. 596, 600, 601, 7 Sup. Ct. 32, 30 L. Ed. 269; Louisville & Nashville Railroad v. Wangelin, 132 U. S. 599, 10 Sup. Ct. 203, 33 L. Ed. 473; Torrence v. Shedd,

144 U. S. 527, 530, 12 Sup. Ct. 726, 36 L. Ed. 528; Connell v. Smiley, 156 U. S. 335, 340, 15 Sup. Ct. 353, 39 L. Ed. 443. Whether or not the action presents a separable controversy as between the plaintiff and the defendant corporation is therefore to be determined from the averments of the complaint, and in no respect depends upon those of the petition for removal.

The argument of counsel for the defendant corporation, in opposition to the motion to remand, is based upon the premise that at the time of the accident in question the relation between the plaintiff and the defendant company was that of master and servant, and the relation between the plaintiff and the codefendants of the company was that of fellow servants. Turning to the complaint, it is seen that while it is true that the relation therein shown to have existed between the plaintiff and the defendant corporation was that of master and servant there is no averment to the effect that the individual defendants were employés of the defendant company at the time of the infliction of the injuries complained of, nor, indeed, showing what, if any, relation existed between them other than that of joint wrongdoers. The complaint, after alleging the corporate existence of the defendant company, alleges that at the time in question it was, and theretofore had been, carrying on, in the county of San Luis Obispo, and elsewhere in the state of California, the business of a common carrier of freight and passengers, and then maintained, and ever since has maintained, for that purpose, in that town, a railroad and a yard in and over which were laid divers railroad tracks, among which was a certain track known as a "cripple track," on which it placed and was accustomed to place such of its cars as were in need of repair; that the cripple track connected with another track of the company in the yard over which it operated its cars and trains, and was an unsuitable and dangerous place on which to put any car for repair; that there was no lock or other guard to prevent other cars from being run onto the cripple track while cars were being repaired thereon, nor was there any derailing switch or other device to detain other cars that might be run or shunted onto the cripple track while cars were undergoing repairs thereon; that on and prior to December 16, 1901, the plaintiff was employed by the defendant company as car repairer, and on the day mentioned was directed to repair a certain box car then on the cripple track, and for that purpose to go and remain under the same while engaged in that work; that the place to which the plaintiff was so ordered to go and work was dangerous to life and limb, and was so known to be by the defendant company; that on the day stated, while the plaintiff was so engaged in working under the box car mentioned on the cripple track, "said defendants Southern Pacific Company, Frank Nelson, and William S. Waters had charge of and were operating a certain loaded freight car then on said track which connected with said cripple track as aforesaid; that the brakes on said loaded freight car and the appliances used in operating said brakes at said time were defective, insufficient, and wholly unfit for the purposes for which they were used; that said brakes and appliances used in operating the same on said loaded freight car were so defective, insufficient, and unfit that said

brakes or any of them could not be effectively applied to the wheels or any wheel on said loaded freight car on said date; that on said 16th day of December, 1901, while plaintiff was engaged as aforesaid in repairing said box car on said cripple track, and while he was under said box car in the performance of his said duties, said defendants carelessly and negligently operated said loaded freight car, and carelessly and negligently shunted the same onto said cripple track, where said box car undergoing repairs as aforesaid was situated; that on said last-mentioned day, while plaintiff as aforesaid was engaged under said box car in repairing the same, said loaded freight car, by reason of the unsuitable and dangerous condition of said cripple track, the careless and negligent manner in which defendants operated and shunted said loaded freight car, and the insufficiency, defectiveness, and unfitness of the brakes and the appliances used in operating the brakes on said loaded freight car, collided with and with great violence struck said box car under which plaintiff at said time was engaged as car repairer as aforesaid; that the force of said collision was so great that by reason thereof the wheels of said box car under which plaintiff was working as aforesaid were driven over both of plaintiff's legs, then and there crushing and mangling the same to such an extent that both of said legs had to be and were amputated a short distance below the knee, on said last mentioned day."

While the complaint charges the defendant company, as master, with neglect in respect to certain of its duties owing to its servant, the plaintiff in the case, with which the defendants Nelson and Waters are not by any averment connected, yet the complaint does distinctly charge all of the defendants jointly with the negligent operation of the loaded freight car which is alleged to have done the injury complained of; and there is no averment, as has been said, to the effect that the defendants Nelson and Waters were, or that either of them was, at the time an employé of the defendant company, or tending to show what, if any, relation existed between them. It will not do to indulge in any inference in respect to that matter, in view of the clear and positive language of the complaint charging all of the defendants with the joint tort.

The case does not, therefore, present the question ably argued by counsel, whether or not there can be any such thing as a joint liability on the part of a railroad company and its employés for the neglect of the latter resulting in an injury to a fellow servant. Besides, it was distinctly adjudged in the case of Chesapeake & Ohio Railway v. Dixon, 179 U. S. 131, 21 Sup. Ct. 67, 45 L. Ed. 121, that when concurrent negligence is charged the controversy cannot be separable. The complaint in this case, rightly construed, charges the injury sustained by the plaintiff to be due both to the failure of the defendant company to maintain its tracks and cars in a safe condition and to the negligent operation of the loaded freight car by all of the defendants; in other words, that the alleged neglect in each of these respects contributed to the plaintiff's injuries. If there be a misjoinder of causes of action, it will be a question for the determination of the court having jurisdiction of the case, and is not for consideration on a motion to remand. It is enough to require the granting of

the motion that one of the causes of action alleged includes a joint liability on the part of the removing defendant and its codefendants, who are not shown to be residents of a state other than that of the plaintiff. Such joint liability being charged, the motive of the plaintiff in suing the individual defendants becomes immaterial.

An order will be entered granting the motion to remand the case to the court from which it was transferred.