## HARLEY et al. v. HOME INS. CO. et al.

(Circuit Court, D. South Carolina. November 4, 1903.)

**1. REMOVAL OF CAUSES—DIVERSE CITIZENSHIP—DEFENDANTS OF DIFFERENT CITIZENSHIP—SEPARABLE CONTROVERSY—DETERMINATION.**

Where a defendant who is a citizen of the same state as plaintiff is joined with a defendant of different citizenship, and such defendant claims the right to remove the cause to the federal court on the ground that the causes of action against the defendants are separable, such question is to be determined by an examination of the complaint alone.

**2. SAME.**

Defendant J. received under the will of her husband certain real estate and personal property for life, remainder to plaintiffs. Defendant J. insured the property with defendant insurance company for $2,875, the policy providing that in case of loss the insurer should be bound for three-fourths of the actual cash value of the property. After loss a settlement was made between defendant J. and insurer, fixing the loss at $1,500. Thereafter plaintiffs, who were remaindermen, brought suit against J. and the insurance company, claiming, as against the insurance company, to recover the entire face value of the policy, and, as against J., that the insurance covered the interest of the remaindermen, and that J. was a trustee of the fund to hold for herself for life, remainder to plaintiffs. Plaintiffs and J. were citizens of the same state, but defendant insurance company was not. *Held*, that the controversies between plaintiffs and each defendant were different and separable, and that the insurance company was therefore entitled to remove the cause to the federal court.

**3. SAME—PETITION FOR REMOVAL—VERIFICATION.**

In the absence of an express requirement of Act Cong. Aug. 13, 1888, c. 866, § 3, 25 Stat. 433 [U. S. Comp. St. 1901, p. 510], providing for removal of causes, where a cause is sought to be removed on the ground of the separable controversies between plaintiffs and defendants, only one of whom is entitled to remove for diverse citizenship, the petition for removal need not be verified.

S. McG. Simpkins, for plaintiffs.
Spalding & Little and Smythe, Lee & Frost, for defendants.

SIMONTON, Circuit Judge. This is a motion to remand a cause. The action was brought in the court of common pleas of Edgefield county, S. C., by Robert L. Harley, administrator of Emma Hulda Harley, and guardian of the minor children of his decedent, against the Home Insurance Company, a corporation of the state of New York, and Mrs. Mary E. Jennings, in her own right and as executrix of Joseph H. Jennings, deceased. The plaintiffs and the defendant Mrs. Jennings are citizens and residents of South Carolina. The Home Insurance Company in due time filed its petition, with bond, in the state court, praying removal upon the ground of separable controversy. The prayer of the petition was refused. Notwithstanding this, the petitioner filed in this court a certified copy of the record, and now the plaintiffs enter their motion to remand. We can only examine the allegations of the complaint. The rule

¶ 1. Separable controversy as ground for removal of cause to federal court, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Valleytown Mineral Co., 35 C. C. A. 155.

See Removal of Causes, vol. 42, Cent. Dig. § 115.

governing cases for removal on the ground of separable controversy, and for discussing whether or not such controversy exists, has been laid down in many cases in the Supreme Court of the United States, from Hyde v. Ruble, 104 U. S. 409, 26 L. Ed. 823, to Torrence v. Shedd, 144 U. S. 530, 12 Sup. Ct. 726, 36 L. Ed. 528.

The case of Barney v. Latham, 103 U. S. 205, 26 L. Ed. 514, had laid down the doctrine that, when two causes of action are joined in one suit, there can be a removal of the whole suit on the petition of one or more of the plaintiffs or defendants interested in the controversy, which, had it been sued alone, would have been removable. Commenting on this case, and analyzing it, Waite, C. J., in Hyde v. Ruble, 104 U. S., at page 409, 26 L. Ed. 823, says:

"Two separate and distinct controversies were directly involved in this cause. * * * One was a controversy about the land, and the other about the money. Separate suits, each distinct in itself, might have been properly brought on these two separate causes of action, and complete relief afforded in each suit as to the particular controversy involved."

Or as stated in Torrence v. Shedd, supra:

"The whole subject-matter of the suit must be capable of being finally determined as between them, and complete relief afforded as to the separate cause of action, without the presence of others originally made parties to the suit."

The complaint in this case sets out these facts: The Home Insurance Company had issued a policy to Mrs. Mary E. Jennings in her own name—a policy of fire insurance, insuring certain real and personal property. This property was derived by her under the will of her husband, Joseph H. Jennings, deceased. She held under this will the land on which was a dwelling house, covered by the policy, for her use during her widowhood; remainder to Emma Hulda Harley, the decedent of Robert L. Harley, administrator; remainder to the minor plaintiffs, the children of Mrs. Harley. The personalty covered by insurance was held by her under this will for her widowhood, with remainder to Emma Hulda Harley absolutely. The property was insured as follows: To an amount not exceeding $1,875 on the dwelling house, and $1,000 on the personalty; the company, in case of loss or damage by fire, to be liable for three-fourths of the actual cash value thereof. The property insured was destroyed by fire. A settlement made between Mrs. Jennings and the insurance company put the loss at $1,500. The complaint charges that, in effecting this insurance, Mrs. Jennings acted as trustee for herself and the remaindermen; that, when the risk insured against had been incurred, the proceeds of the policy became impressed with a trust; that the full sum of $2,875 should be paid to Mrs. Jennings; that on its receipt this sum should be or have been reinvested by her, and held subject to the limitations and provisions declared in the will with regard to the property insured. Proceeding upon this ground, the plaintiffs ignored the settlement between the insurance company and Mrs. Jennings, and demanded judgment as follows:

"(1) Against the defendants for the sum of two thousand eight hundred and seventy-five dollars, with interest thereon from the 14th day of August,

1902, at the rate of seven per cent. per annum. (2) That the said defendants be required to pay the said sum into the hands of this honorable court, to be invested or put out at interest for the benefit of these plaintiffs and the remaindermen under said will, as well as the defendant Mrs. Mary E. Jennings; the said interest on said fund to be paid the said defendant Mrs. Mary E. Jennings during her widowhood or life, and thereafter to be paid these plaintiffs; said fund, after being paid by the said defendants as herein prayed for, to be disposed of as set forth in paragraph 19 of this complaint; for such other and further relief as seemeth to the court just and equitable; and for the costs and disbursements of this action."

Assuming, for the purposes of this motion, that the plaintiffs have a right of action, there appears in this complaint a controversy as to the amount due on this policy of insurance. There also appears a controversy as to the disposition of the proceeds of the policy when they are realized. The controversy as to the true amount of the proceeds of the policy is the one with which the Home Insurance Company is concerned. If it admit the claim of plaintiffs, or if, against its contention, that claim be established, and it should pay it, it would leave this case wholly discharged therefrom. It is in no way interested in, concerned in, or chargeable with its disposition—especially with the disposition claimed by the plaintiffs. On the other hand, the controversy between the infant plaintiffs and Mrs. Jennings is as to the proceeds of the policy of insurance, when they are realized. Did she, in taking out the policy, seek to protect only her own interest in the property—her own indemnity for her own loss—or did she intend to, or will the law presume that she did, represent the estate, and will it be held that its indemnity and benefit necessarily incurred to the protection of the estate, and that its proceeds, when the loss occurred, took the place of the dwelling house and personalty? This is a controversy wholly between the plaintiffs and Mrs. Jennings, in which the Home Insurance Company, as has been seen, has no concern of any kind. These are two distinct controversies. The answers have not been filed, and the line of defense is not stated. Suppose that the Home Insurance Company should admit the contention of the plaintiffs, and pay the money into court. Would it not be discharged? Would there be any further necessity for its presence in the case? Suppose that Mrs. Jennings should admit the contention of the plaintiffs—should be brought to realize that she has been acting as, or is bound by the responsibility of, a trustee. Then, in this view, the certain sum insured should be paid to her, and, of necessity, the plaintiffs would be bound to take her as a coplaintiff with them, and, as their trustee, recover through her all they claim.

The plaintiffs made further objection to the removal upon the ground that the petition for removal was signed by the attorney of the Home Insurance Company, and in the verification the attorney does not explain why he, and not the defendant, makes the verification; and, further, because he does not make it as of his own knowledge. There is no settled practice on this point. In some forms prepared by text-writers a verification of the complaint is added. In others it is omitted. Perhaps this will depend on the practice in the state courts. In South Carolina, by section 177 of

the Code of Civil Procedure, every pleading in a court of record must be subscribed by the party or his attorney; and, when any pleading is verified, every subsequent pleading, except a demurrer, must be verified also. If the state practice prevail, and the petition for removal be a pleading, in the present case it will not require verification, as the complaint—the only pleading in the case—is not verified. It would seem that, if the petition for removal is based upon the existence of certain matters of fact, the petition ought to be verified. Where, as in this case, the ground of removal is the existence of a separable controversy—a fact which can appear on the complaint only, and is dependent upon the construction of it by the court—a verification is not necessary. Be this as it may, in the absence of an express requirement in the act of Congress (Act Aug. 13, 1888, c. 866, § 3, 25 Stat. 433 [U. S. Comp. St. 1901, p. 510]), this objection cannot prevail.

It appears that there is a separable controversy here. The motion to remand is refused.