BLUNT et al. v. SOUTHERN RY. CO.

(Circuit Court, S. D. Alabama. August 6, 1907.)

No. 1,285.

1. COURTS—JURISDICTION OF FEDERAL COURTS—PLURALITY OF PLAINTIFFS OR DEFENDANTS.

If there are several coplaintiffs, each must be competent to sue, or if there are several defendants, each must be liable to be sued, in a federal court, to give that court jurisdiction.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 855.]

2. REMOVAL OF CAUSES—TEST OF REMOVABILITY.

To be removable, a cause must be one over which the Circuit Court might have exercised original jurisdiction.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Removal of Causes, §§ 29–34.]

3. SAME—JOINT ACTION—SEPARABLE CONTROVERSY.

An action of tort, which may be brought against one or more persons, and which has been brought against two of them jointly, presents no separable controversy which will authorize its removal by one of them.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Removal of Causes, § 95.

Removal of causes, separable controversy, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Valleytown Mineral Co., 35 C. C. A. 155.]

**4. SAME.**

Whether an action is one involving a separate controversy as to one of the defendants must be determined by what is alleged in the complaint.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Removal of Causes, § 115.]

On Motion to Remand to State Court.

De Graffenried & Evins and Thomas E. Knight, for plaintiffs.
L. E. Jeffries, for defendant.

TOULMIN, District Judge. If there are several coplaintiffs, the intention of the law is that each must be competent to sue, or if there be several defendants, each defendant must be liable to be sued, in the federal court, or the jurisdiction cannot be entertained. The controversy is not between citizens of different states, unless all the persons on one side of it are citizens of different states from all the persons on the other side. See note to Act March 3, 1875, c. 137, § 1, 18 Stat. 470 [U. S. Comp. St. 1901, p. 508], in 4 Fed. St. Ann. p. 294, and authorities cited therein.

The test of the right of removal is that the case must be one over which the Circuit Court might have exercised original jurisdiction under section 1, Act March 3, 1875, as amended. Boston & Montana Consol. Copper & Silver Min. Co. v. Montana Ore Purchasing Co., 188 U. S. 640, 23 Sup. Ct. 434, 47 L. Ed. 626. See note to section 2 of said act in 4 Fed. St. Ann. pp. 315, 316, and authorities therein cited.

An action of tort, which may be brought against one or more persons, and which is brought against two of them jointly, contains no separate controversy which will authorize its removal by one of them into the Circuit Court of the United States. Powers v. C. & O. R. Co., 169 U. S. 96, 18 Sup. Ct. 264, 42 L. Ed. 673; C. & O. R. Co. v. Dixon, 179 U. S. 135, 21 Sup. Ct. 67, 45 L. Ed. 121; Weaver v. Northern Pac. R. Co. (C. C.) 125 Fed. 155; Fox v. Mackay (C. C.) 60 Fed. 4.

Whether an action is one involving a separate controversy as to one of the defendants must be determined by what is alleged in the complaint. Ward v. Franklin (C. C.) 110 Fed. 795; Harley v. Home Ins. Co. (C. C.) 125 Fed. 792; Fogarty v. South. Pac. Co. (C. C.) 123 Fed. 973.

By the allegations of the complaint, and on the authorities cited supra, it appears to me that this cause has been improperly removed into this court; and it is therefore ordered that the same be, and it is hereby, remanded to the state circuit court.