SAVAGE v. HOFFMANN.

(Circuit Court, S. D. New York. April 6, 1908.)

1. LITERARY PROPERTY—SUBJECTS OF OWNERSHIP—ACTORS' METHODS.

A theatrical manager, claiming the exclusive right to produce an opera, has no literary property in the manner in which actors appearing in it dance or posture; they, if any one, having the right to complain of an imitation.

2. COPYRIGHT—ABANDONMENT OF RIGHTS.

A notice, printed on the face of a publication of the songs and pianoforte score of an opera, that they could not be used for stage performances except with the consent of the owners' agents, even if a valid reservation in Germany, where the publication was made, does not prevent the publication being by the law of the United States an abandonment of the words of the songs.

3. SAME—MOTION FOR PRELIMINARY INJUNCTION—EVIDENCE.

On a motion to temporarily enjoin a vaudeville performer from singing a song from an opera which complainant claims the exclusive right to produce, the court may consider the fact that the songs and pianoforte score of the opera had been published, as showing an abandonment of the words of the songs, though there is no proof that the publication was authorized by the composer and the authors of the opera, as would be necessary on final hearing.

4. SAME—RELIANCE ON COPYRIGHT—EFFECT ON COMMON-LAW RIGHTS.

Where one takes the benefit of the copyright law to protect his rights in literary property, he cannot rely upon his common-law right.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Copyrights, § 1.

Rights of authors to control of publication, disposition, or use of their productions independent of statutory copyright, see note to Bobbs-Merrill Co. v. Straus, 77 C. C. A. 620.]

5. SAME—PRELIMINARY INJUNCTION—PROOF—SUFFICIENCY.

Since a preliminary injunction should only be granted on a perfectly clear case, the District Court will not temporarily enjoin a vaudeville performer from singing a song from, and using the orchestration of, an opera which complainant claims the exclusive right to produce, where his title is doubtful.

Fromme Bros., for complainant.
Nathan Burkan, for defendant.

WARD, Circuit Judge. A restraining order having been granted in this cause, a motion is made to continue the same. The complainant alleges that he owns the exclusive right of producing in all languages in the United States and Canada the opera composed by Franz Lehar, words by Victor Leon and Leo Stein, called "Die Lustige Wittwe." He is now producing the opera under the title "The Merry Widow" at the New Amsterdam Theater in this city; Lina Barbanell taking the title role, "Sonia," and Donald Brian, "Danilo." It is shown that the defendant has been giving a series of imitations

in a vaudeville performance, one of which, occupying from eight to ten minutes, is as follows: A male assistant, dressed exactly as Brian does in the role of "Prince Danilo," sings a song called "Maxim's" from the first act of "The Merry Widow"; the orchestra playing the chorus as in that opera. The defendant then appears costumed exactly like Barbanell as "Sonia," while the orchestra plays the waltz which is the finale of the first act of "The Merry Widow," and she and her male assistant dance. Then the orchestra plays the popular "Merry Widow Waltz," which the defendant and her assistant dance separately. The defendant then sings the four words, "I love you so," while she and her assistant dance the waltz together, in imitation of Barbanell and Brian. This is followed by a burlesque of the waltz to rag time.

The complainant asks that the defendant be restrained from imitating the postures of Barbanell and Brian, from singing the song called "Maxim's," and from using the orchestration of "The Merry Widow." Obviously the complainant has no literary property in the manner in which Barbanell and Brian dance or posture. They, if any one, have the right to complain. The manner and method of every dancer and actor is individual, and utterly unlike the railroad scene, which was held the subject of literary property in Daly v. Palmer, 6 Blatchf. 256, Fed. Cas. No. 3,552.

This leaves for consideration the "Maxim" song and the orchestration. The complainant's title is supported by the affidavits of one Sliwinski and of one Corey. Sliwinski says he is a member of the firm of Felix Block Erben, who are the sole general agents of Franz Lehar, Victor Leon, and Leo Stein, and that by an agreement dated November 28, 1905, between the firm and Lehar and Stein, the firm has become the exclusive owner of the opera called "Die Lustige Wittwe," including all rights of translation; that neither the firm, nor Lehar, nor Stein, has ever published or authorized the publication of a book of the said opera (that is, the libretto), and that the firm has transferred to George Edwardes, of London, the sole right to produce the opera in all languages in the United States and Canada. Corey says that he is the complainant's attorney in fact; that the complainant is unable to verify any affidavit, because he is in Europe, but that the complainant told him that George Edwardes had transferred to the complainant the sole right to produce the opera in all languages in the United States and Canada by contract dated March 16, 1906, which contract is not produced. This, of course, would be perfectly insufficient testimony upon final hearing; but I will consider for the purposes of this motion the allegations as properly proved.

The defendant offers in evidence a publication of the songs and pianoforte score of the opera in Leipzig and Vienna by L. Doblinger, on the face of which is printed a notice from Lehar, Leon, and Stein that the same cannot be used for stage performances except with the consent of their agents, Felix Block Erben. This reservation, even if good where made, does not prevent the publication being by our law an abandonment of the words of the songs. Wagner v. Conried (C. C.) 125 Fed. 793; The Mikado (C. C.) 25 Fed. 185; Daly v. Walrath,

40 App. Div. 220, 57 N. Y. Supp. 1125. While there is no proof that this publication was authorized by the composer and authors of the opera, as would be necessary on final hearing, still the court may take it into consideration on a motion for a preliminary injunction.

Coming, now, to the orchestration, Chappell & Co.; Limited, have published an orchestration of the opera by Howard Williams and the words of the songs by Adrian Ross in this country under our copyright law. Both complainant and the defendant use the words and orchestration of this publication. The publication bears on its face a notice that application for all performing rights must be made to the complainant. As Chappell & Co., Limited, would, under section 4966, Rev. St. U. S. [U. S. Comp. St. 1901, p. 3415], be entitled to enjoin public performances, it is fair to presume that the complainant derives his rights, in part, at least, through them. If so, he has taken the benefit of the copyright law, and cannot rely upon his common-law right. Jewelers' Mercantile Agency v. Jewelers' Publishing Company, 155 N. Y. 241, 49 N. E. 872, 41 L. R. A. 846, 63 Am. St. Rep. 666.

A preliminary injunction should only be granted on a perfectly clear case, and, as I have doubts as to the complainant's title, the restraining order is vacated, and the complainant left to prove his rights on final hearing.